STATE of Utah, Plaintiff and Respondent,

v.

Domingo TREVINO, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Guadalupe TREVINO, Defendant and Appellant.

Nos. 15124, 15125.

Supreme Court of Utah.

Jan. 20, 1978.

Mark S. Miner, Leland Kent Wimmer, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Bernard M. Tanner, Steven G. Schwendiman, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The Trevinos separately appeal from verdicts of guilty. The charge was "fraudulently obtaining public assistance." Various assignments of error are made by the appellants, all of which are without merit.

▅ Mrs. Trevino claims she did not have a preliminary hearing. She had waived it originally, but in the district court she moved for a remand for a preliminary hearing. The judge heard the matter and denied the motion. Our statute [1] provides that the preliminary hearing may be waived by an accused, and the trial judge found that she had waived it.

Both appellants complain of instructions given by the court. We think the instructions, when considered as a whole, adequately stated the law of the case.

▅ Each appellant claims that the court committed error in permitting the defendants at trial to testify since the law of this state prevents a spouse from testifying for or against the other.[2]

Article I, Section 12 of our Constitution also provides that in criminal prosecutions the accused shall have the right to testify in his own behalf. In this matter each defendant voluntarily took the witness stand and testified in his own behalf. It is not pointed out in the brief just how the witness testified for or against the other; but even if there were some bits of evidence against the other spouse, it could not be excluded so long as it tended to show nonguilt on the part of the one giving the testimony.

▅ The evidence was sufficient to justify a finding that the parties conspired to cause the welfare department to think they had separated and were living separate and apart so that Mrs. Trevino could receive public assistance from November, 1974, through June, 1976. The record amply sustains a finding that Mrs. Trevino did not live at the address furnished the welfare department; that her children did not live there nor did they attend the school that they would have been obliged to attend had they lived at that address. As a matter of fact, they did attend the school required for the residence shown by the evidence to be the one where the two defendants were living together while pretending to be separated.

---

1. U.C.A., 1953, 77–1–4.

2. Art. I, Sec. 12, Utah State Constitution; U.C.A., 1953, 77–44–4, 78–24–8.

Complaint is also made of the admission into evidence of the paychecks received by Mr. Trevino, and of the testimony of his foreman showing Mr. Trevino's earnings at the time Mrs. Trevino was receiving welfare payments because she had no husband to support her and her children. The evidence was properly admitted as tending to show guilt.

Mr. Trevino claims it was prejudicial error to admit into evidence his income tax return. Our statute[3] provides that it is unlawful for officers and employees of the tax commission to divulge the amount of income shown on a return "Except in accordance with proper judicial order, or as otherwise provided by law." It thus appears that no officer or employee of the tax commission will be prosecuted since the court did order the evidence, and Mr. Trevino cannot be prejudiced in having the jury know what his own tax return showed by way of income and dependents.

Other assignments of error have been considered, but they are entirely without merit.

The judgment is affirmed as to each appellant. No costs are awarded.

CROCKETT, WILKINS, MAUGHAN and HALL, JJ., concur.